# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

RAMON MARES,

       Plaintiff,

v.                                           No. CIV 95-0674 BB/DJS

CITY OF ALBUQUERQUE, ET AL.,

       Defendants.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment  (Doc. 49, filed January 6, 1998).  The Court, having reviewed Defendant's submissions and the relevant law, finds that the motion will be GRANTED.

Initially, the Court notes that Plaintiff did not file a response opposing the motion for summary judgment.  Under the local rules, Plaintiff's failure to respond constitutes consent to grant the motion.  D.N.M.LR-Civ. 7.5(b).  Plaintiff's counsel practices extensively in this district and should be well aware of the local rules.  Plaintiff's failure to contest Defendant's motion in any way is a sufficient basis for the Court to grant the motion.

In addition, the Court's examination of the applicable law, albeit hampered by the lack of a response from Plaintiff, reveals that the motion is meritorious and should be granted on that ground as well.  Previously, the Court declined to grant summary

judgment on issue-preclusion grounds as to the substantive-due-process claim.  The Court

relied on Carpenter v. Reed, 757 F.2d 218 (10th Cir. 1985), a case interpreting Oklahoma

law with respect to claim-preclusion issues.  Recently, however, as Defendant points out,

the Tenth Circuit has decided a case that applies New Mexico law and is on all fours with

this case.

In Strickland v. City of Albuquerque, 130 F.3d 1408 (10th Cir. 1997), the Tenth

Circuit determined that claim-preclusion principles bar litigation of constitutional claims

that could have been raised in a state district court action brought to obtain review of a

personnel board decision.  Like Plaintiff in this case, Strickland was terminated from his

position with the defendant City.  As in this case, Strickland obtained review of that

decision from the personnel board, lost, and then obtained further review at the state-

district-court level.  Strickland also, as did Plaintiff, initiated a separate lawsuit in order

to raise constitutional claims arising out of the termination of his employment.  The Tenth

Circuit held that Strickland could have raised those claims in conjunction with his first

action seeking review of the personnel board's decision, and that the final resolution of

Strickland's first lawsuit constituted a bar to litigation of those claims in the subsequent

action.  Therefore, the dismissal of Strickland's federal-court lawsuit was affirmed.

The Court finds Strickland virtually indistinguishable from this case.  The only

difference appears to be that Plaintiff in this case filed his separate, subsequent lawsuit in

state court, only to have it removed to this Court by Defendant.  That insignificant

distinction does not change the claim-preclusion analysis.  As in Strickland, Plaintiff

could have joined his constitutional claims in the lawsuit in which he sought review of

the personnel board's decision.  See Strickland, 130 F.3d at 1412-13; see also, e.g.,

Chavez v. City of Albuquerque, ___ P.2d ___, 1997 WL 809220, *7 (N.M.App. 1997)

(Hartz, Judge, concurring, and stating "To be sure, the employee could raise

[constitutional] challenges to the validity of an ordinance through appellate review in

district court of the personnel board's action."); City of Albuquerque v. Chavez, 939 P.2d

1066 (N.M.App. 1997) (in district court action brought to challenge personnel board's

decision, employee raised constitutional challenges to procedures employed during

administrative hearing).  All other requirements of the claim-preclusion doctrine having

been met, see Strickland, 130 F.3d at 1411, it is appropriate to bar Plaintiff from now

litigating the substantive-due-process claims he could have raised in his first suit.

        The Court also notes that summary judgment appears to be appropriate on the

merits of the substantive-due-process claim.  This Court recently determined that state-

created employment rights are not so fundamental as to be protected by the substantive-

due-process component of the due-process clause.  Roe v. Antle, 964 F.Supp. 1522,

1532-33 (D.N.M. 1997); see also Migneault v. Peck, 973 F.Supp. 1295, 1304 (D.N.M.

1997) (any rights guaranteed by government employer's personnel policies did not rise to

the level of fundamental rights).  The only constitutional protection available to Plaintiff

under the circumstances of this case was the doctrine of procedural due process.  See

Roe.  Therefore, Plaintiff's substantive-due-process claims are subject to dismissal on this

ground as well.

**Conclusion**

On the basis of Plaintiff's procedural default, the doctrine of claim preclusion, and the merits, the Court will GRANT Defendant's motion for summary judgment, thereby disposing of the remainder of the case.  Although other arguments raised by Defendant, such as the municipal-liability issue, also appear to have merit, the Court need not address them at this juncture.

An Order in accordance with this Memorandum Opinion will issue.

Dated this 3rd day of April, 1998.

                                                 BRUCE D. BLACK
                                                 United States District Judge